IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CV-00153-RJ

DEBORAH HINSON HIGH,               )
                                   )
            Plaintiff/Claimant,    )
                                   )
                                   )          **ORDER**
      v.                           )
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social Security,   )
                                   )
            Defendant.             )

This matter is before the court on the parties' cross-motions for judgment on the pleadings

[DE-28, DE-30] pursuant to Fed. R. Civ. P. 12(c). Claimant Deborah Hinson High ("Claimant")

filed this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of the denial

of her applications for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental

Security Income ("SSI") payments. The time for filing responsive briefs has expired and the pending

motions are ripe for adjudication. Having carefully reviewed the administrative record and the

motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings

is allowed, Defendant's Motion for Judgment on the Pleadings is denied, and the case is remanded

to the Commissioner for further proceedings consistent with this Order.

## I. STATEMENT OF THE CASE

Claimant filed an application for a period of disability and DIB on November 18, 2013, and

an application for SSI on January 28, 2015, alleging disability in both applications beginning

October 1, 2012. (R. 180-87, 213-18). Claimant's DIB claim was denied initially and upon

reconsideration. (R. 59-86). A hearing before the Administrative Law Judge ("ALJ") was held on

January 15, 2015, at which Claimant was represented by counsel and a vocational expert ("VE") appeared and testified. (R. 31-55). Claimant's SSI application, filed after the hearing date, was associated with her DIB claim for adjudication. (R. 18). On February 6, 2015, the ALJ issued a decision denying Claimant's request for benefits. (R. 15-30). On May 20, 2015, the Appeals Council denied Claimant's request for review. (R. 1-6). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence

2

and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. §§ 404.1520, 416.920 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c) and 416.920a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* §§ 404.1520a(e)(3), 416.920a(e)(3).

In this case, Claimant contends the ALJ erred by failing to account for her moderate

3

limitations in concentration, persistence, or pace, and by failing to explicitly consider her excellent work history in the credibility analysis. Pl.'s Mem. [DE-29] at 3-8.

## IV. FACTUAL HISTORY

### A.     ALJ's Findings

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant was no longer engaged in substantial gainful employment. (R. 20). Next, the ALJ determined Claimant had the following severe impairments: degenerative joint disease of the right knee, posttraumatic stress disorder ("PTSD"), and major depressive disorder. *Id.* The ALJ also found Claimant had nonsevere impairments of hepatitis C and hypertension. *Id.* However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 21). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in mild limitations in her activities of daily living, and moderate limitations in her social functioning and concentration, persistence, and pace with no episodes of decompensation. *Id.*

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform medium work[1] requiring only occasional climbing, stooping, kneeling, crouching, and crawling; avoiding hazards; and limited to performing simple, routine, repetitive tasks with only occasional interaction with the public. (R. 22). In making this assessment, the ALJ found

---

[1] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. If someone can do medium work, she can also do sedentary and light work. 20 C.F.R. §§ 404.1567(c), 416.967(c).

4

Claimant's statements about her limitations not fully credible. (R. 24).

At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work as a corrections officer, data entry, and patient insurance clerk. *Id.* Nonetheless, at step five, upon considering Claimant's age, education, work experience and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 25-26).

## V. DISCUSSION

## A. The ALJ's Consideration of Claimant's Moderate Limitations in Concentration, Persistence, or Pace

Claimant contends that the ALJ did not sufficiently account for Claimant's moderate limitations in concentration, persistence, or pace in the RFC in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mem. [DE-29] at 3-7. Defendant contends the ALJ's RFC in this regard is supported by substantial evidence and is not in violation of *Mascio*. Def.'s Mem. [DE-31] at 6-12.

In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)). The court explained that "the ability to perform simple tasks differs from the ability to stay on task" and that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court also indicated that there could be instances where a limitation in concentration, persistence, or pace does not affect the Claimant's ability to work and would be appropriately

5

excluded from the RFC. In such circumstances, however, an explanation from the ALJ is required. *Id.* ("For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the claimant's] ability to work, in which case it would have been appropriate to exclude it . . . . But because the ALJ here gave no explanation, a remand is in order."); *cf. McKenzie v. Colvin*, No. 4:15-CV-97-F, 2016 WL 4490572, at *5 (E.D.N.C Aug. 8, 2016) (unpublished) (distinguishing the case from *Mascio* where the ALJ found McKenzie had moderate difficulties in maintaining concentration and limited her to performing simple, routine, repetitive tasks, specifically noting that medical providers had found her capable of understanding and learning simple tasks with instruction and repetition), *adopted by* 2016 WL 4490630 (E.D.N.C. Aug. 24, 2016).

Here, in assessing Claimant's concentration, persistence, or pace, the ALJ found Claimant had moderate difficulties but also stated that Claimant "reports having difficulty with concentration. However, mental status examinations have been relatively normal." (R. 21). The ALJ limited Claimant to "performing simple repetitive tasks with only occasional interaction with the public[,]" but the reasons for this limitation are not clear from the ALJ's opinion. (R. 22). For example, the ALJ states that

> [w]hile [Claimant] alleges a long history of depression and anxiety, there is no evidence of regular ongoing mental health care. She attended approximately three appointments in 2012, and has recently undergone another mental health evaluation. Mental status examinations have been essentially normal with intact thought processes, thought content, memory, and concentration.

(R. 24). This statement is difficult to reconcile with the moderate limitation in concentration, persistence, or pace discussed elsewhere in the opinion. Here, the ALJ found that Claimant had moderate difficulties in concentration, persistence, or pace, and limited her to the performance of simple, routine, repetitive tasks without further explanation, which the Fourth Circuit has explained

6

is error requiring remand. *Mascio*, 780 F.3d at 638; *accord Hodge v. Colvin*, No. 5:15-CV-248-FL, 2016 WL 4146124, at *4-5 (E.D.N.C. Aug. 4, 2016) (unpublished) (remanding the case where the ALJ failed to explain why the claimant could perform simple, routine, repetitive tasks despite limitations in concentration, persistence, or pace even though the ALJ cited to medical opinions which concluded the claimant could perform such tasks). Accordingly, this case must be remanded to allow the ALJ to fully consider and explain how the limitation to simple, routine, repetitive tasks with only occasional interaction with the public accounts for Claimant's moderate difficulties in concentration, persistence, or pace.

**B.    The ALJ's Consideration of Claimant's Work History**

Claimant contends that the ALJ erred by failing to explicitly consider Claimant's excellent work history of 32 years prior to her disability onset as part of the credibility analysis. Pl.'s Mem. [DE-29] at 7-8. In response, Defendant argues that the ALJ did not err in considering Claimant's credibility. Def.'s Mem. [DE-31] at 12-13. The court agrees that the ALJ did not err by failing to explicitly mention Claimant's work history as part of the credibility analysis.

The ALJ is not required to recite his or her consideration of each piece of evidence in the record. *See Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762, n.10 (4th Cir. 1999) ("If a reviewing court can discern 'what the ALJ did and why he did it,' the duty of explanation is satisfied") (quoting *Lane Hollow Coal Co. v. Dir., Office of Workers' Comp. Programs*, 137 F.3d 799, 803 (4th Cir. 1998)); *Brewer v. Astrue*, No. 7:07-CV-24-FL, 2008 WL 4682185, at *3 (E.D.N.C. Oct. 21, 2008) (unpublished) ("[T]he ALJ is not required to comment in the decision on every piece of evidence in the record and the ALJ's failure to discuss a specific piece of evidence is not an indication that the evidence was not considered.") (citing *Green v. Shalala*, 51 F.3d 96, 101

7

(7th Cir. 1995)). Further, other district courts within the Fourth Circuit have rejected similar arguments. *See McKeithan v. Colvin*, No. 1:14-CV-688, 2015 WL 4493132, at *6 (M.D.N.C. July 23, 2015) (unpublished) (holding that "[n]either the Fourth Circuit nor any court within it has recognized the so-called 'enhanced credibility doctrine'" in response to the claimant's argument "that her work history should automatically entitle her subjective complaints to substantial credibility."), *adopted by* 2015 WL 5178446 (M.D.N.C. Sept. 4, 2015); *accord Clark v. Astrue*, No. 3:12-CV-00122-MOC-DSC, 2012 WL 6728441, at *3 (W.D.N.C. Dec. 28, 2012) (unpublished) (same). Accordingly, Claimant's argument as to this issue is without merit.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-28] is ALLOWED, Defendant's Motion for Judgment on the Pleadings [DE-30] is DENIED, and this matter is REMANDED to the Commissioner for further proceedings consistent with this Order.

So ordered, this the 2C day of September, 2016.

Robert B. Jones, Jr.
United States Magistrate Judge

8